UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>                                    Plaintiff,<br>v.<br>MARIA ROBLES ALVARADO,<br>                                    Defendant. | Case No.:  19cr3300  WQH<br>**ORDER** |

HAYES, Judge,

The matter before the Court is the motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A) (compassionate release) (ECF No. 28) filed by the Defendant.

On March 12, 2020, this Court entered Judgment committing Defendant to the custody of the Bureau of Prisons for 33 months of imprisonment and three years of supervised release for importation of methamphetamine in violation of  21 U.S.C. §§ 952 and 960.   Defendant is incarcerated at FCI Dublin and scheduled to be released on December 4, 2021.

On June 18, 2021, Defendant filed a motion for reduction in sentence under 18 U.S.C. §3582(c)(1)(A) based upon her medical condition and family circumstances. Pursuant to General Order No. 692-B, this Court appointed the Federal Defender of San Diego, Inc., to "evaluate whether . . . [the] defendant. . .  is eligible to petition the Court for

compassionate release in accordance with § 603(b)."   The Court ordered a status report to be filed no later than July 21, 2021.  No status was filed.

On July 29, 2021, the Court ordered Plaintiff United States to file a response.

On August 5, 2021, Plaintiff United States filed an opposition to compassionate release.

Defendant asserts that her medical conditions and family problems demonstrate extraordinary reasons to order her immediate release.  Plaintiff United States asserts that the medical conditions presented by Defendant do not warrant her release.  Plaintiff United States further asserts that §3553(a) factors weigh against release.

18 U.S.C. § 3582(c)(1)(A) provides:

> The court may not modify a term of imprisonment once it has been imposed except that--
> (1) in any case--
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
> (i) extraordinary and compelling reasons warrant such a reduction; or
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission;

19cr3300  WQH

18 U.S.C. § 3582(c)(1)(A).   Section 1B1.13 of the Sentencing Guidelines, adopted before the First Step Act, addressing a motion for sentence reduction by the Director of the Board of Prisons under 18 U.S.C. § 3582(c)(1)(A) states in relevant part:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after consideration of the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> (1)(A) Extraordinary and compelling reasons warrant the reduction. . .
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
> (3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13. The commentary to § 1B1.13 lists four circumstances that qualify as "extraordinary and compelling reasons": (A) medical condition of the defendant; (B) age of the defendant; (C) family circumstances; and (D) "Other reasons—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13 n.1. "The Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam).   These provisions are not a limitation on the Court's ability to determine whether a defendant has presented extraordinary and compelling reasons for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A).

In this case, Defendant was sentenced to 33 months in the custody of the Bureau of Prisons after entering a plea of guilty to importation of methamphetamine.  Defendant admitted that she knowingly drove a vehicle into the United States with 67.81 pounds of methamphetamine concealed within the vehicle.  Defendant calculated the guideline range at 37-46 months and recommended that the Court impose a sentence of 33 months.

Applying the factors under 18 U.S.C. § 3553(a), the Court granted a departure and imposed a sentence of 33 months.  The need for the sentence "to protect the public from further crimes of the defendant" and "to reflect the seriousness of the offense" under 18 U.S.C. §3553(a) continues to support the sentence imposed.  These factors weigh against reducing the Defendant's sentence in light of the departure applied by the Court at the time of sentencing, and the seriousness of the offense.  The sentence imposed is a final sentence that can only be reduced when "the court determines that . . . extraordinary and compelling reasons warrant the reduction" "after consideration of the factors set forth in 18 U.S.C. § 3553(a)."  18 U.S.C. § 3582(c)(1)(A)(i).

The record demonstrates that Defendant's medical conditions have been adequately addressed by the Bureau of Prisons, including receiving the vaccination to protect against COVID-19.   The Court concludes that Defendant's medical condition and family circumstances do not present an "extraordinary and compelling reason" to order her immediate release.  Bureau of Prisons has modified operational plans to address the risk of COVID-19 transmission at FCI Dublin where Defendant is currently housed.  As of September 23, 2021, one inmate and no staff are currently infected at FCI Dublin.  BOP Coronavirus website: www.bop.gov/coronavirus/.   The Court finds that the record does not support a finding that "extraordinary and compelling reasons" warrant a reduction of the sentence imposed at this time. 18 U.S.C. § 3582(c)(1)(A)(i).

IT IS HEREBY ORDERED motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A) (compassionate release) (ECF No. 28) is denied.

Dated:  September 28, 2021

Hon. William Q. Hayes
United States District Court

19cr3300  WQH